IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-506-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ZABIAN DEVON PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's motion to appoint new counsel. [DE-32]. The court held a hearing on the motion on September 15, 2020, at which Defendant reaffirmed his request for new counsel. Counsel stated that he met with Defendant prior to the hearing in an attempt to resolve Defendant's concerns but that Defendant persisted in his desire for new counsel. Defendant stated he disagreed with counsel regarding the direction of his case and did not believe the issues could be resolved with more time.

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant ... can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

The court finds that the motion is timely, and counsel can no longer provide an adequate defense given the broken relationship. Accordingly, the motion for new counsel is allowed, and the Federal Public Defender shall appoint new counsel without delay.

New counsel will require additional time to review discovery and to prepare for arraignment. Accordingly, Defendant's arraignment is continued to the **November 10, 2020 term of court** in New Bern, North Carolina. The court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and defendant in a speedy trial. It is therefore ordered further that the period of delay necessitated by this continuance is excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED, this the 15th day of September, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge