IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-506-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ZABIAN DEVON PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on for administrative telephonic conference on trial scheduling. Defendant appeared through counsel, Damon Chetson, and the government appeared through counsel, John Newby.

At conference, the court advised the parties that the clerk of court has calculated that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1), expires on December 26, 2021, which date is a Sunday, therefore extending the time to the following business day. The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

The court inquired how much time defense counsel and counsel for the government reasonably require effectively to prepare for trial, considering the due diligence of the parties and any complexities in the case. The court also inquired whether the parties would be able to go forward with trial if it commenced on the December 27, 2021, deadline, and while defense counsel indicated he could be so ready, a later trial date would be preferred, all things considered. Given its case needs, the government also agreed that a trial date in 2022 is appropriate. The court inquired of the parties if a miscarriage of justice would result if trial went forward after the deadline. Both sides answered in the negative.

As conference continued, counsel for defendant provided that defendant would prefer a trial date starting February 14, 28, or March 14, 2022, as earlier discussed and agreed to with the government. Consistent with these determinations, defendant also expressed a waiver of his speedy trial rights.

The court noted that it may be able to accommodate a trial date starting February 14, 2022, if a criminal trial presently scheduled for that date does not go forward. Where the court will hold a pretrial conference in that other case on December 28, 2021, the court CONTINUES administrative telephonic conference on trial scheduling in the instant case to **December 28, 2021 at 1:30 p.m.** The court also provisionally reserves, with consent and agreement of the parties, the week of April 4, 2022, as a backup trial date in the event the February 14, 2022, trial date reveals itself December 28, 2022, as unavailable due to the prior setting of a complicated, two week criminal trial.

Based on the foregoing, having carefully considered the needs of this case and the views of the parties, the court finds that any delay that results from this continuance is hereby excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that

2

the ends of justice served by granting this continuance outweigh the best interest of the public and defendant in a speedy trial.

SO ORDERED, this the 17th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge